UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff                      Case No. 06-20475
                                             Judge Avern Cohn

v.

KURT SKOTZKE,

        Defendant.
_____/

## MEMORANDUM REGARDING DEFENDANT'S MOTION TO DETERMINE JURY INSTRUCTIONS

### I. Introduction

Defendant Kurt Skotzke (Skotzke) is charged in a three-count indictment. In Count I he is charged with attempted receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). In Count II he is charged receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). In Count III he is charged with possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B).

Regarding Count II (receipt of child pornography), Skotzke argues that "there is an ambiguity in the statutory scheme since, as a practical matter, for anyone to knowingly possess something, he or she must necessarily have received it."[1] Therefore to prevent the counts of receipt and possession from being multiplicitous, Skotzke argues that receipt must be constructed as having the added element of an "intent to traffic in the distributive chain of such material."

---

[1] Unless of course, the defendant creates the materials.

1

The government asserts that an "intent to traffic in the distributive chain of such material" is not an element of receipt of child pornography.

For the following reasons, the Court agrees with the government's position.

## II. The Proposed Jury Instructions

### A.

Skotzke's proposed jury instruction for receipt of child pornography reads in pertinent part:

> The Defendant can be found guilty of this offense only if all the following facts are proved beyond a reasonable doubt:
>
> **First**: That the Defendant knowingly received or distributed an item or items of child pornography, as charged;
>
> **Second**: That such item[s] of child pornography had been transported in interstate or foreign commerce, including by computer, as charged; and
>
> **Third**: That at the time such receipt or distribution the Defendant believed that such item[s] constituted child pornography, as hereafter defined...
>
> "Knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.
>
> To "receive or distribute" means to obtain for delivery or transfer to someone else, with or without any financial interest in the transaction, as for example by gift or exchange."

### B.

The government's proposed jury instruction for receipt of child pornography read in pertinent part :

The crime of receipt of child pornography as chared in Count Two of the indictment has three essential elements, which are:

One: The Defendant knowingly received an item or items of child pornography as charged;
Two: Such item or items of child pornography had been mailed, shipped, or transported in interstate or foreign commerce, including by computer; and
Three: At the time Defendant received the item or times, he believed that such item or items constituted or contained child pornography, as hereinafter defined.

In order for you to convict the defendant of this offense, the government must prove each of these essential elements beyond a reasonable doubt.

### III. Statutory Language

18 U.S.C. § 2252A(a)(2)(A) prohibits the following:

(a) Any person who--

(2) knowingly receives or distributes --

(A) any child pornography that has been mailed, or shipped or transported in interstate or transported in interstate or foreign commerce by any means, including by computer

*****

18 U.S.C. § 2252A(a)(5)(B) prohibits the following:

(a) Any person who--

(A) ....

(B) knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce

3

by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer

### IV. Arguments

### A. Defendant's Argument

Skotzke points out that as originally written in 1977, 18 U.S.C. § 2252A(a)(2)(A) focused on the commercialization of child pornography by targeting: "any person who knowingly received [child pornography] for the purpose of sale or distribution for sale distribution for sale." See United States v. Malik, 282 F. Supp.2d 833, 835 (N.D. Ill, 2003) (citing H.R. 950811 at 2 (1977) and S. Rep. 95-601 at 2 (1977), 1978 U.S.S.C.A.N. 40, 40).

In 1984, Congress struck the quoted language and replaced it with "any person who knowingly receives or distributes any child pornography." Malik, 282 F. Supp. 2d at 835.

Skotzke argues that the deletion of the phrase "for the purpose of sale or distribution of sale" was meant to expand the scope of 18 U.S.C. § 2252A(a)(2)(A) to prohibit both commercial and non-commercial trafficking (i.e. gifts or exchanges of child pornography), but still requires an intent to traffic such materials. In support of his position Skotzke relies heavily on the district court's decision in Malik which concerned sentencing on charges of receipt and possession of child pornography. Like Shotzke, the defendant was accused of receiving child pornography under 18 U.S.C. § 2252A(a)(2)(A) and possessing child pornography under 18 U.S.C. § 2252A(a)(5)(B). 292 F. Supp. 2d at 834. The defendant admitted to downloading images of

4

pornography on his computer, but was not accused of distributing the materials to others. Id. In this sense he, like Skotzke, could be considered an "an end user." The district court held that legislative history revealed that Congress intended the receipt offense to include an intent to traffic for commercial or noncommercial purposes was necessary. Id. at 835. In particular, it cited to House of Representatives Report 98-536, at 2-3 (1984), which sets forth the "need to amend the legislation":

> Perhaps the most important limitation in existing law is the "commercial purpose" limitation. Utilization of 18 U.S.C. § 2252 has been inhibited by that statute's limited application to the distribution of child pornography only for commercial purposes ('for the purpose of sale or distribution for sale'). Many of the individuals who distribute materials covered by 18 U.S.C. § 2252 do so by gift or exchange without any commercial motive and thus remain outside the coverage of this provision.

Id. at 835.

Because there was no evidence of the defendant's intent to distribute/traffic the pornographic images he had downloaded, the district court imposed a sentence under U.S.S.G. § 2G2.4 for possession, which was lower than the recommendation for receipt under U.S.S.G. § 2G2.2.[2]  Id. at 837

Skotzke also relies on United States v. Farrelly, 389 F.3d 649, 657 (6th Cir. 2004), in which a jury convicted the defendant of one count of receiving child

---

[2]  Before the guidelines were amended in 2004, "receiving" was grouped with trafficking offenses. The heading for U.S.S.G. § 2G2.2 read:

> Trafficking in Material Involving the Sexual Exploitation of a Minor; Receiving, Transporting, Shipping, or Advertising Material Involving the Sexual Exploitation of a Minor; Possessing Material Involving the Sexual Exploitation of a Minor with Intent to Traffic.

5

pornography for downloading images of child pornography onto his work computer. The Court of Appeals for the Sixth Circuit held that absent evidence that the defendant had "transmitted"[3] such material the defendant should be sentenced under U.S.S.G. § 2G2.4 because his actions were closer to possession of child pornography than receiving which was included under U.S.S.G. §2.G2.2 for trafficking offenses. Id. at 657- 661. See footnote 2.

### B. The Government's Argument

The government argues that there is no ambiguity in the language of 18 U.S.C. § 2252(A)(a)(2). The government says that the statutory language and design as a whole makes clear that receipt does not include an intent to traffic. First, the government points out that in 1984 Congress eliminated the "for the purpose of sale or distribution of sale" requirement, and did not define receipt. Therefore, the term should be accorded its "ordinary, contemporary, common meaning." United States v. Plavcak, 411 F.3d 655, 660-61 (6th Cir. 2005) (citing Perrin v. United States, 444 U.S. 37, 42 (1979)). The government asserts that the ordinary meaning of "receipt" is "to take or acquire (something given, offered, or transmitted); get." American Heritage Dictionary of the English Language (4th ed. 2000).

The government also argues that the overall design of the legislation indicates that receipt does not include an intent to traffic because other section address trafficking and distribution of pornography. For example,18 U.S.C. § 2252(a)(4)(B) prohibits

---

[3] Transmit includes trafficking, transporting, shipping, or advertizing such materials. 389 F.3d at 657.

6

"possession with intent to sell" addresses trafficking and distribution of child pornography.

Finally, the government argues that Skotzke's reliance on Malik and Farrelly are misplaced because they concern sentencing, and not the elements of receipt. Moreover, Malik was reversed for sentencing error, and the portion of Farrelly concerning the distinction between receipt and possession for purposes of sentencing has been mooted by the revision of the guidelines in November, 2004. [4] See United States v. Williams, 411 F. 3d 675, 678 n.1 (6th Cir, 2005).

## V. Resolution

Skotzke's arguments are unavailing. First, in overturning the district court's decision in Malik, the Seventh Circuit Court of Appeals specifically rejected the argument that possession and receipt of child pornography are the same. 385 F.3d 758 (7th Cir. 2004). In pointing out the distinction between receipt and possession, the Seventh Circuit relied on its decision in United States v. Meyers, 355 F.3d 1040, 1042 (7th Cir. 2004). In Meyers, the Seventh Circuit explained that:

> The Supreme Court has held that the prohibition on receipt of child pornography in § 2252(a)(2) includes a scienter requirement, and therefore encompasses only situations in which the defendant knows that the material he is receiving depicts minors engaged in sexually explicit conduct. United States v. X-Citement Video, Inc., 513 U.S. 64, 78, 115

---

[4] Skotzke says that in the event that he is found guilty, the pre-amendment guidelines would apply. There is no basis for this assertion. The indictment alleges that the crimes occurred on or about December 10, 2003 to on or about March 29, 2004 (Count I); on or about July 11, 2003 to on or about April 11, 2004 (Count II); and on or about September 2, 2004 (Count III). The indictment was returned on September 7, 2006.

7

> S.Ct. 464, 130 L.Ed.2d 372 (1994). Accordingly, a person who seeks out only adult pornography, but without his knowledge is sent a mix of adult and child pornography, will not have violated that statutory provision. That same person, however, could be in violation of the possession provision of § 2252(a)(4)(B) if he or she decides to retain that material, thereby knowingly possessing it. See 18 U.S.C. §§ 2252(a)(4)(B) and 2252(c) (requiring knowing possession, and including an affirmative defense where such material is promptly and in good faith destroyed or reported to law enforcement.) It is certainly not irrational to punish more severely the person who knowingly receives such material, because it is that person who is creating and/or perpetuating the market for such material. As numerous courts have recognized, increasing the punishment when the conduct involves receiving such materials, trafficking in such materials, or producing such materials, serves the purpose of the statute to end the abuse of children because those actions are more directly tied to the market for such products. United States v. Ellison, 113 F.3d 77, 81 (7th Cir.1997) (distinctions in § 2252 assigning a lower base level for mere possession are intended to punish more harshly conduct that creates or strengthens the market for child pornography; "even the receipt of the prohibited *1043 materials for personal use, without more, keeps producers and distributors of this filth in business."); United States v. Grosenheider, 200 F.3d 321, 332-33 (5th Cir.2000) ("Congress established a series of distinctly separate offenses respecting child pornography, with higher sentences for offenses involving conduct more likely to be, or more directly, harmful to minors than the mere possession offense"); see also United States v. Sromalski, 318 F.3d 748, 753 (7th Cir.2003). Because possession and receipt are not the same conduct and threaten distinct harms, the imposition of different base offense levels is not irrational and therefore [defendant's] challenge must fail.

Meyers makes clear that the offense of receipt targets those who intentionally seek out child pornography because such behavior contributes to the demand and the survival of the child pornography industry. The harm created by the receipt occurs regardless of whether the offender is an "end-user" or distributer (which logically would cause even greater harm). The harm created by the receipt also occurs regardless of whether the offender "possesses" such materials by keeping or retaining them (although it is reasonable to conclude that possession of such material is also harmful). Accordingly, a consumer who purchases child pornography for his own use may be

8

charged with receipt, and this is not mutiplicitous of a charge of possession.

Second, Skotzke's arguments are unavailing because the guidelines were amended: "In the November 2004 version of the Guidelines, the Sentencing Commission deleted U.S.S.G. § 2G2.4 and determined that all people who are convicted of either possessing or transmitting child pornography should be sentenced under U.S.S.G. § 2G2.2." Williams. 411 F.3d at 678 n.1. "This change makes the portion of Farrelly that deals with U.S.S.G. § 2G2.4 moot for future child pornography sentences." Id.

A review of the revised guidelines also reflects that the receipt offense does not necessarily require an intent to traffic or distribute. U.S.S.G. § 2G2.2(b)(1) states:

> (1) If (A) subsection (a)(2) applies; (B) the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor; and (C) the defendant did not intend to traffic in, or distribute, such material, decrease by 2 levels.

Clearly, receipt with intent to distribute is treated as a more culpable offense than receipt without the intent traffic or distribute.

Moreover, Skotzke's argument that possession and receipt are multiplictious is undermined by the revised guidelines distinction between possession and receipt. The guidelines provide for a lower base offense level for possession than for receipt. See U.S.S.G. §  2G2.2(a)(1) as compared to U.S.S.G. §  2G2.2(a)(2) and § 2G2.2(b).

## VI. Conclusion

The government does not need to show that Skotzke intended to traffic child pornography in order to prove the charge of receipt.


Dated: May 31, 2007　　　　　　　　　 s/Avern Cohn
　　　　　　　　　　　　　　　　　　　AVERN COHN
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, May 31, 2007, by electronic and/or ordinary mail.

　　　　　　　　　　　　　　　　　　　 s/Julie Owens
　　　　　　　　　　　　　　　　　　　Case Manager, (313) 234-5160